IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREEA OLTEANU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FORD & FRIEDMAN,<br><br>　　　　　Defendant. | CIV. NO. 23-00155 JMS-KJM<br><br>ORDER GRANTING MOTION TO DISMISS, ECF NO. 9, AND DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND FOR TEMPORARY RESTRAINING ORDER, ECF. NOS. 22 & 35 |

**ORDER GRANTING MOTION TO DISMISS, ECF NO. 9, AND DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND FOR TEMPORARY RESTRAINING ORDER, ECF NOS. 22 & 35**

## I. INTRODUCTION

Plaintiff, proceeding pro se, brought this diversity suit against Defendant Ford & Friedman, a Henderson, Nevada law firm, "for its unethical and illegal acts towards [Plaintiff's] personal belongings and assets." ECF No. 1 at PageID.1. Defendant has moved to dismiss the Complaint, claiming, among other grounds, that this court lacks personal jurisdiction over it. The court agrees, and DISMISSES Plaintiff's Complaint without prejudice.

## II. BACKGROUND

Although unclear, it appears that Defendant previously represented Plaintiff's late husband, Mark Porcelli, in a divorce action filed in Nevada. Plaintiff and Porcelli's Nevada residence was a part of that divorce action. In

December 2020, while the divorce proceeding was pending, Porcelli passed away. On January 13, 2023, Defendant then filed a Notice of Attorney's Lien with the Nevada state court, claiming upaid legal bills.[1]  Plaintiff then filed the April 4, 2023 Complaint in this court, challenging the lien and claiming that it has caused Plaintiff "all sorts of damages, amounting to around $75,000.00 and even more later."  ECF No. 1 at PageID.2.

      Defendant filed the May 3, 2023 Motion to Dismiss, arguing in part a lack of personal jurisdiction.  ECF No. 9.  Plaintiff filed an "Affidavit in Support of Opposition to Motion to Dismiss" on June 16, 2023, a "Declaration in Support of Opposition to Motion to Dismiss" on June 20, 2023, and Defendant filed a Reply on June 27, 2023.  ECF Nos. 24, 27 & 33.  The court decides the Motion to Dismiss without a hearing pursuant to Local Rule 7.1(c).

### III.  **STANDARDS OF REVIEW**

      A federal court's personal jurisdiction may be challenged by motion pursuant to Federal Rule of Civil Procedure 12(b)(2).  To withstand a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing jurisdictional facts.  *See In re Boon Global Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019).  "Where, as here, the defendant's motion is based on written

---

[1] Some of this information is taken from Plaintiff's Complaint, while other information is gleaned from public documents filed in the Nevada divorce case. *See* ECF Nos. 1 & 9-1 to 9-3.

materials rather than an evidentiary hearing, 'the plaintiff need only make prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010), *abrogated on other grounds by Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017)).  "[U]ncontroverted allegations in [the] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Because Plaintiff is proceeding pro se, the court liberally construes her filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

## IV. <u>ANALYSIS</u>

Defendant argues that there are no facts that support this court's exercise of personal jurisdiction against it.  That is, Defendant argues that the dispute over the lien concerns a divorce between two Nevada residents and marital property located in Nevada.  As a result, Defendant argues that it has insufficient "minimum contacts" with Hawaii to afford this court personal jurisdiction.  *See* Fed. R. Civ. P. 4(k)(1)(A).

3

"[P]ersonal jurisdiction over a[n out-of-state] defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "In the usual case, the long-arm prong of the inquiry is governed by Federal Rule of Civil Procedure 4(k)(1)(A), which provides that a federal district court may exercise personal jurisdiction if the defendant is 'subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located'; that is, if the defendant is subject to personal jurisdiction under that forum state's long-arm statute." *Hueter v. Kruse*, 576 F. Supp. 3d 743, 765 (D. Haw. 2021). And "Hawaii's long-arm statute, Haw. Rev. Stat. § 634-35, is coextensive with federal due process." *Id.* (citing *Venice PI, LLC v. Galbatross Tech., LLP*, 2019 WL 7373024, at *4 (D. Haw. Dec. 31, 2019)). Thus, the personal jurisdiction analysis under the Hawaii long-arm statute collapses into a single due process inquiry. *Id.*

Due process requires that a nonresident defendant have "'certain minimum contacts' with the forum [state] 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A defendant's minimum contacts can give rise to either general or specific jurisdiction. *Ayla v. Alya Skin*,

11 F.4th 972, 979 (9th Cir. 2021). A court may exercise general jurisdiction over a defendant whose connections to the forum are "so continuous and systematic" that the defendant is "essentially at home" there. *Daimler AG v. Bauman*, 571 U.S. 117, 133 n.11 (2014). For example, a court may exercise general jurisdiction over a defendant who resides in the forum state. *See id.* at 137. Here, without question, the court lacks general jurisdiction over Defendant—Defendant is a Nevada law firm, and nothing indicates any continuous contacts with Hawaii.

A court may exercise specific jurisdiction in more limited circumstances—when a case "arises out of or relates to the defendant's contacts with the forum." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). Whether specific jurisdiction is proper "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (alteration removed) (citation and quotation marks omitted).

> As explained by the Supreme Court:
>
> For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State. Two related aspects of this necessary relationship are relevant in this case.
>
> First, the relationship must arise out of contacts that the defendant *himself* creates with the forum State. Due

> process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties. We have consistently rejected attempts to satisfy the defendant-focused "minimum contacts" inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State. . . . Put simply, however significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining whether the defendant's due process rights are violated.
>
> \* \* \*
>
> Second, our "minimum contacts" analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.
>
> \* \* \*
>
> But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him.

*Walden v. Fiore*, 571 U.S. 277, 284-85 (2014) (internal citations and quotation marks omitted).

The Ninth Circuit has articulated a three-part inquiry to determine whether a non-resident defendant has sufficient "minimum contacts" with the forum to warrant exercise of personal jurisdiction: (1) "the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and

6

(3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Wanat*, 970 F.3d at 1208 (quotation marks omitted). "All three prongs must be satisfied to assert personal jurisdiction." *LNS Enterprises LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 859 (9th Cir. 2022).

Here, as Defendant rightly asserts, the court lacks personal jurisdiction over it under Hawaii's long-arm statute. Based on the record before the court, Plaintiff's claims arise solely out of conduct that took place in Nevada, not Hawaii. In fact, other than Plaintiff's current residence, this case appears to have no connection whatsoever to Hawaii. And personal jurisdiction is improper if "the forum state was only implicated by the happenstance of [plaintiff's] residence." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1146 (9th Cir. 2017); *see also Walden*, 571 U.S. at 285 (stating that a "plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him").

Likewise, Plaintiff has failed to demonstrate that the Defendant purposefully directed its activities in Hawaii. Again, Defendant's suit-related conduct occurred in Nevada, not Hawaii.[2] Instead, as stated above, the record

---

[2] To satisfy this prong, "the defendant's availment must be purposeful, not random, isolated, or fortuitous," and "the defendant's suit-related conduct must create a substantial connection with the forum State." *LNS Enterprises LLC*, 22 F.4th at 859.

before the court shows that all activity was directed at Plaintiff in Nevada, not Hawaii. Further, the claim clearly did not arise out of or relate to Defendant's forum-related activities (there are none). Simply put, based on the record before the court, there are no contacts—let alone sufficient minimum contacts—between the Defendant and Hawaii to support the court's exercise of personal jurisdiction under Federal Rule of Civil Procedure 4(k)(1)(A).

## V. CONCLUSION

The court GRANTS the Defendant's Motion to Dismiss, ECF No.9, based on a lack of personal jurisdiction. As a result, the court likewise must necessarily DENY Plaintiff's pending Motions for Preliminary Injunction, ECF No. 22, and Motion for Temporary Restraining Order, ECF No. 35. *See, e.g.*, *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

The court seriously doubts whether an amendment to the Complaint could establish personal jurisdiction over Defendant in the District of Hawaii. Nevertheless, given Plaintiff's pro se status, the court will give Plaintiff leave to file a supplemental memorandum, consisting of no more than five pages (plus any attached documents), explaining how Plaintiff could amend her Complaint to

establish personal jurisdiction over Defendant.  That supplemental memorandum must be filed by **July 14, 2023**.  Thereafter, the court will review the memorandum to determine whether to allow Plaintiff to file an Amended Complaint.[3]  Failure to file a supplemental memorandum by **July 14, 2023**, will result in dismissal of the action without prejudice.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, June 30, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Olteanu v. Ford & Friedman,* Civ. No. 23-00155 JMS-KJM, Order Granting Motion To Dismiss, ECF No. 9, and Denying Plaintiff's Motions For Preliminary Injunction and For Temporary Restraining Order, ECF. Nos. 22 & 35

---

[3] The court is aware that Plaintiff has already filed a pending motion seeking leave to file an Amended Complaint, apparently independent of the personal jurisdiction issue.  *See* ECF Nos. 32 & 34.  Given the ruling in this Order, that motion is DENIED as moot.  If, after reviewing Plaintiff's supplemental memorandum, the court permits the filing of an Amended Complaint, Plaintiff will be able to do so at that time.